UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ANTRANETT BOSTON, an individual,

      Plaintiff,

vs.

BALFOUR BEATTY INFRASTRUCTURE, INC.,
a Delaware Corporation, and
BALFOUR BEATTY CONSTRUCTION, LLC, a
Delaware Limited Liability Company,

      Defendants.
_____/

## **COMPLAINT**

1.      Plaintiff, ANTRANETT BOSTON (hereinafter referred to as "Plaintiff"), was an employee of Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC., a Delaware Corporation, and BALFOUR BEATTY CONSTRUCTION, LLC, a Delaware Limited Liability Company (hereinafter collectively referred to as "Defendants" and "BBC"), and brings this action against Defendants for alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000 *et seq.*

2.      Plaintiff is an individual whose gender/sex is Female and who resides in Miami Dade County, Florida, within the jurisdiction of this Court.

3.      Defendant, BALFOUR BEATTY INFRASTRUCTURE, INC., a civil contractor that constructs highways, bridges, tunnels, wastewater and potable water treatment plants, with corporate headquarters in Atlanta, Georgia, is an integrated business with Defendant, BALFOUR BEATTY CONSTRUCTION, LLC, a commercial construction company.  At all times material to

this Complaint, Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, were engaged in business throughout the United States including but not limited to construction in Miami Dade County Florida, within the jurisdiction of this Court.

4.      At all times material to this Complaint, Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff.  As a second alternative, Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff. As a final alternative, Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5.      Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 42 U.S.C. §2000.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Miami Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

7.      At all times material to this Complaint, Defendants, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC (collectively referred to as "BBC") were engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

8.      In or around September 2016, BBC hired Plaintiff as a Laborer through a staffing agency, Pacesetter Personnel Service of Florida, Inc.

9.      At all times material to this action, BBC was an employer within the meaning of 42 U.S.C. §2000e-(b).

10.     At all times material to this action, Plaintiff was an employee of BBC within the meaning of 42 U.S.C. §2000e-(f).

11.     Between approximately September 2016 and early October 2017, Plaintiff was supervised by BBC Foreman, Willie Mitchell, who subjected Plaintiff to sexual harassment and disparate treatment due to Plaintiff's gender/sex, Female.

12.     More specifically, on numerous occasions during Plaintiff's employment between approximately September 2016 and early October 2017, Willie Mitchell subjected Plaintiff to unwanted sexual advances and inappropriate sexual comments when Mr. Mitchell *inter alia:* (a) forced Plaintiff to watch a pornographic video in or around June 2017 and (b) on a continuing basis up through Plaintiff's termination in October 2017, Mr. Mitchell, repeatedly called

3

Plaintiff derogatory names which included, but were not limited to, "squirter" and "the girl I want to split in two," and told on multiple occasions to do "leg splits."

13.     Despite Plaintiff's rejection of Willie Mitchell's unwanted advances and Plaintiff's repeated objections to Mr. Mitchell's harassment and discriminatory statements, Mr. Mitchell's conduct did not end.

14.     Beginning in approximately June 2017 and continuing over the course of the next several months up through October 2017, Plaintiff complained to Scott Baker, BBC's Project Superintendent, following Willie Mitchell's attempt to silence Plaintiff when she began voicing her objections to Mr. Mitchell's sexual harassment.

15.     On or around September 30, 2017, while Plaintiff was performing her duties around a BBC construction site, Plaintiff witnessed Willie Mitchell engaging in sexual acts with another employee, and Mr. Mitchell—knowing that Plaintiff had witnessed this incident and fearing Plaintiff would again complain about his behavior to the Company—promptly removed Plaintiff from the following day's schedule and when Plaintiff requested an explanation from BBC for this action, Plaintiff was told that Mr. Mitchell had dictated that "Nicky needs time-out," with "Nicky" begin a nickname that Mr. Mitchell used to refer to Plaintiff.

16.     On or around October 1, 2017, Plaintiff complained to BBC's upper management, Jonathan Head, Sr. Vice President and Chief Legal Officer, following an in-person discussion with Scott Baker about what Plaintiff in good faith believed was illegal, ongoing sexual harassment, gender/sex discrimination, and disparate treatment that was Plaintiff was being subjected to by BBC, as part of another attempt by Plaintiff to put a stop to Willie Mitchell's unlawful harassment and threats of retaliation.

17.     However, BBC again failed to take remedial action to address Mr. Mitchell's unlawful conduct in October 2017 and prevent any further sexual harassment, discrimination, or retaliation against Plaintiff, and instead BBC's management questioned Plaintiff's conduct and attempted to convince Plaintiff to drop her internal discrimination complaint altogether.

18.     On or around October 4, 2017, in retaliation for Plaintiff's repeated complaints about sexual harassment and discrimination, BBC terminated Plaintiff's employment—purportedly for "safety" reasons—which was a pretext by BBC for unlawful sexual harassment, gender/sex discrimination and retaliation against Plaintiff.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

19.     On or around October 4, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR) alleging gender/sex discrimination and retaliation against BBC, Charge No. 510-2018-00045, a copy of which Charge is attached hereto as Exhibit A.

20.     On or around November 17, 2017, the EEOC issued a Dismissal and Notice of Rights in connection with Charge No. 510-2018-00045, a copy of which Notice is attached hereto as Exhibit B.

21.     Plaintiff has exhausted all administrative remedies and aa conditions precedent to the institution of this action have either occurred or been waived.

22.     Plaintiff's Complaint is being filed with the Court on February 13, 2018, within Ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Suit Rights.

**COUNT I**
**GENDER/SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-2**

Plaintiff, ANTRANETT BOSTON, reasserts and reaffirms the allegations of Paragraphs

1 through 22 as if fully set forth herein and further state that this is an action against BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, for gender/sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

23.    Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex. . ." 42 U.S.C. §2000e-2(a)(1).

24.    Throughout the course of Plaintiff's employment with BBC between approximately September 2016 and October 2017, Plaintiff was subjected to: (a) unwelcome sexual harassment and unwanted sexual advances by BBC Foreman, Willie Mitchell, that was continuing, severe, and pervasive, and that constituted a hostile work environment which included, *inter alia:* (i) Willie Mitchell forcing Plaintiff to watch a pornographic video in or around June 2017; and (ii) on a continuing basis throughout Plaintiff's employment, Mr. Mitchell, repeatedly calling Plaintiff derogatory names which included, but were not limited to, "squirter" and "the girl I want to split in two," and told on multiple occasions to do "leg splits"; and (b) disparate treatment, all of which was motivated by Plaintiff's gender/sex, Female, in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

25.    Willie Mitchell's sexual harassment and gender/sex discrimination against Plaintiff was sufficiently severe and pervasive as to alter the terms, conditions and privileges of Plaintiff's employment with BBC.

26.     BBC's management knew or should have known the sex discrimination and disparate treatment against Plaintiff was unlawful but despite Plaintiff's verbal and written complaint to BBC, Defendants failed to take immediate and appropriate corrective action.

27.     On or around October 4, 2017, BBC terminated Plaintiff's employment because of Plaintiff's gender/sex, Female, and/or because of Plaintiff's refusal to agree to Willie Mitchell's unwanted sexual advances and sexual harassment, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

28.     Plaintiff's gender/sex, Female, and/or Plaintiff's refusal to agree to Willie Mitchell's unwanted sexual advances and sexual harassment, was/were motivating factor(s) for BBC's termination of Plaintiff's employment in October 2017, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

29.     BBC's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.  As such, Plaintiff is entitled to punitive damages against BBC pursuant to 42 U.S.C. §1981a(a)(1).

30.     Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of BBC's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

31.     Pursuant to 42 U.S.C. §2000e-5(k), Plaintiff is entitled to recover her reasonable attorneys' fees and costs from BBC.

WHEREFORE, Plaintiff, ANTRANETT BOSTON, demands judgment against Defendants, jointly and severally, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, for back pay, employment benefits, other

compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-3(a)**

Plaintiff, ANTRANETT BOSTON, reasserts and reaffirms the allegations of Paragraphs 1 through 22 as if fully set forth herein and further state that this is an action against BALFOUR BEATTY INFRASTRUCTURE, INC, and BALFOUR BEATTY CONSTRUCTION, LLC, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a).

32.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

33.     BBC intentionally retaliated against Plaintiff on one or more occasions between approximately June 2017 and October 2017 after Plaintiff objected to what she in good faith believed was sexual harassment, discrimination, and disparate treatment against Plaintiff based upon Plaintiff's gender/sex, Female, when BBC: (a) removed Plaintiff from the following day's schedule after Plaintiff witnessed Willie Mitchell engaging in sexual acts with another employee in the workplace; (b) questioned Plaintiff's conduct and attempted to convince Plaintiff to drop

8

her internal discrimination complaint altogether; and (c) terminated Plaintiff's employment in October 2017 following Plaintiff's final internal discrimination complaint.

34.    When Plaintiff objected to and complained to Willie Mitchell, BBC Foreman, Scott Baker, BBC Project Superintendent, and Jonathan Head, Sr. Vice President and Chief Legal Officer, on multiple occasions between approximately June 2017 and October 2017 about what Plaintiff reasonably and in good faith believed was unlawful sexual harassment, sex/gender discrimination, and disparate treatment by BBC, Plaintiff engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

35.    On October 4, 2017, within just three (3) days of Plaintiff's final internal discrimination complaint to BBC on October 1, 2017, and in retaliation for Plaintiff's repeated discrimination complaints, BBC terminated Plaintiff's employment for reason(s) which were false and known to be false by Defendants at the time BBC terminated Plaintiff's employment in October 2017, in violation of 42 U.S.C. §2000e-3(a).

36.    The fact that Plaintiff engaged in activity protected by Title VII—by, *inter alia,* both objecting and complaining to Willie Mitchell, as well as Plaintiff complaining to Scott Baker and Jonathan Head, about what Plaintiff in good faith believed was unlawful sexual harassment, sex/gender discrimination, and disparate treatment by BBC—was a motivating factor behind Defendants' termination of Plaintiff's employment in October 2017, in violation of 42 U.S.C. §2000e-3(a).

37.    BBC's retaliatory action in violation of Plaintiff's rights under Title VII was intentional and was done by BBC with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.  As such, Plaintiff is entitled to punitive damages against BBC pursuant to 42 U.S.C. §1981a(a)(1).

38.     Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of Defendants' unlawful retaliation.

39.     Pursuant to 42 U.S.C. §2000e-5(k) and 1988(b), Plaintiff is entitled to recover her reasonable attorneys' fees and costs from BBC.

WHEREFORE, Plaintiff, ANTRANETT BOSTON, demands judgment against Defendants, jointly and severally, BALFOUR BEATTY INFRASTRUCTURE, INC. and BALFOUR BEATTY CONSTRUCTION, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

ANTRANETT BOSTON demands trial by jury on all issues so triable.


Dated:  February 13, 2018                    Respectfully submitted,


                              By:     **s/KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000
                                      E-mail:  employlaw@keithstern.com
                                      Hazel Solis Rojas, Esquire
                                      Florida Bar No. 91663
                                      E-mail:  hsolis@workingforyou.com
                                      LAW OFFICE OF KEITH M. STERN, P.A.
                                      One Flagler
                                      14 NE 1st Avenue, Suite 800
                                      Miami, Florida 33132
                                      Telephone: (305) 901-1379
                                      Facsimile: (561) 288-9031
                                      Attorneys for Plaintiff